IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIE CORTEZ HART,                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )     CASE NO. 3:12-CV-182-TMH
                                       )
TALLAPOOSA COUNTY JAIL, et al.,        )
                                       )
          Defendants.                  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Willie Cortez Hart ["Hart"], a county inmate, challenges actions taken against him and conditions of his confinement during his incarceration in the Tallapoosa County Jail.

Upon review of the complaint, the court concludes the plaintiff's allegation regarding an officer's use of a racial slur and his claims against the Tallpoosa County Jail are due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## II.  DISCUSSION

### A. The Racial Slur

Hart contends defendant Chance Hunt "call[ed] several inmates the 'N' word...."

---

[1] The court granted Hart leave to proceed *in forma pauperis*. *Doc. No.3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss any claim prior to service of process if it determines the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Complaint - Doc. No. 1* at 3.  To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning or abusive comments made by an officer to an inmate, no matter how repugnant, deplorable or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, no matter how distressing, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed.Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Wilson v. Ivey*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse, standing alone, is not violative of the Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (mere use of racial slurs or epithets does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate the Fourteenth Amendment); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's

2

constitutional rights); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983). Thus, Hart fails to state a cognizable claim with respect to the jailer's use of a racial slur and this claim is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Tallapoosa County Jail

The law is well settled that a county jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the plaintiff's claims against the Tallapoosa County Jail are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim regarding use of a racial slur and his claims against the Tallapoosa County Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Chance Hunt and the Tallapoosa County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against Lt. Christopher Nails and Blake Jennings challenging conditions of confinement at the Tallapoosa County Jail, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before April 3, 2012,** the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.


/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE